Daniel *v.* The State.

## A. J. DANIEL *v.* THE STATE.

CRIMINAL LAW. *Self-defense.* To charge upon a trial for malicious stabbing that a person who may, by improper conduct, provoke an assault, cannot be allowed to rely upon the plea of self-defense, nor can he rely upon such defense if he willingly engage in a fight, even if first assaulted and stricken, is error. Provoking words and gestures might be used from heat of blood, in a sudden quarrel, and a fight might be engaged in, during which a party might have a right to defend himself from impending danger of death or great bodily harm.

### FROM MOORE.

Appeal in error from the Circuit Court of Moore county. J. J. WILLIAMS, J.

J. H. HOLMAN for Daniel.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff in error was convicted of malicious stabbing and sentenced to two years imprisonment in the penitentiary, and has appealed in error to this court.

In the course of his instructions to the jury, his Honor said: "It is proper for [the court to say to you further, that a person cannot be allowed to provoke a difficulty by his own improper conduct, or join willingly and voluntarily in a combat, and then escape under the plea of self-defense; and if done willingly and voluntarily, it would make no difference, which in fact struck the first blow, as both would be guilty, if both joined in the combat voluntarily and mutually."

This part of the charge, it is insisted, is erroneous, and that for this error the judgment should be reversed.

In the case of *Smith* v. *The State*, 8 Lea, 402, the circuit judge had charged the jury, "if yon find from the evidence that defendant, Sidney Smith, provoked the assault, by word or act, and then willingly engaged in the fight, he would be guilty, although he may have been first assaulted or stricken by the prosecutor." Judge Cooper, delivering the opinion of the court said: "The charge is equivalent to telling the jury, that if Smith provoked the assault, by word, and then engaged in the fight, he would be guilty, although first assaulted. and struck by the prosecutor." The charge was held erroneous and the judgment was reversed.

The charge in this case, holds in effect, that a

Daniel *v.* The State.

person who may, by improper conduct provoke an assault, cannot be allowed to rely upon the plea of self-defense, nor can he rely upon such defense if he willingly engage in a fight, even if first assaulted and stricken.

It will be remembered that the indictment in this case is for malicious stabbing, in which it is necessary to show, that malice, in its common law sense, existed. Provoking words and gestures might be used from heat of blood, in a sudden quarrel, and a fight might under such circumstances, be engaged in, during which a party might have the right to defend himself from impending danger of death or great bodily harm. The charge was, therefore, erroneous, in the unqualified terms in which it was given.

If provocation is sought for, and induced by this act of the slayer, in order to afford him a pretext for wreaking his malice, it would not extenuate the offense: 2 Wh. Am. C. L., sec. 986.

For the error indicated the judgment will be reversed.